Jonathan L. Hochman (JH 7072)
Daniel E. Shaw (DS 8129)
SCHINDLER COHEN & HOCHMAN LLP
100 Wall Street, 15th Floor
New York, New York 10005
(212) 277-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UBS REAL ESTATE SECURITIES INC.,           :
                                           :    07 Civ. 4815 (AKH)
                    Plaintiff,             :
                                           :    ECF Case
        -against-                          :
                                           :    **COMPLAINT**
LANCASTER MORTGAGE BANKERS, LLC,           :
                                           :
                    Defendant.             :
-----------------------------------------------------------x

Plaintiff UBS Real Estate Securities Inc. ("UBS"), by its attorneys Schindler Cohen & Hochman LLP, for its Complaint against Lancaster Mortgage Bankers, LLC ("Lancaster") alleges as follows upon personal knowledge as to its own acts and upon information and belief as to all other matters:

### NATURE OF THE CASE

1.      This is a breach of contract action arising from Lancaster's refusal to repurchase certain non-performing mortgage loans pursuant to a Mortgage Loan Sale Agreement between Lancaster and UBS, dated as of November 4, 2004 (the "Purchase Agreement"). A true and correct copy of the Purchase Agreement is attached hereto as Exhibit A.

2.      Lancaster is in the business of originating mortgage loans, which it then bundles into portfolios for sale to financial firms, like UBS. UBS purchases these bundled portfolios of mortgage loans and sells them or securitizes them.

{00031207}

3. Under the mortgage loan sale agreement between UBS and Lancaster, UBS has the right to have Lancaster repurchase certain non-performing loans knows as "Early Payment Defaults" or "EPDs." EPDs are loans with respect to which the borrower has failed to make one of the first three payments on his or her mortgage. Early payment defaults are considered in the industry to be a good indicator of a future non-performance.

4. UBS demanded that Lancaster repurchase certain EPDs or indemnify UBS for any losses incurred in relation to those EPDs under the terms of the repurchase provision (Section 3.3(d)) of the Purchase Agreement. Lancaster has failed and refused to either repurchase the EPDs or indemnify UBS for the losses it has incurred in relation to those EPDs.

5. Lancaster has thus breached its obligations under the Purchase Agreement, and UBS has been damaged accordingly. UBS's current damages in connection with the EPDs it sought to have Lancaster repurchase are approximately $2,700,000.

## PARTIES

6. UBS is a corporation organized under the laws of the State of Delaware with its principal place of business at 1285 Avenue of the Americas, New York, New York 10019. UBS is engaged in the business of, *inter alia*, purchasing, trading, and securitizing mortgages.

7. Lancaster is a limited liability company organized under the laws of the State of New Jersey with its principal place of business at 20 Independence Boulevard, Warren, New Jersey 07059. Lancaster is engaged in the business of originating and selling mortgages. Upon information and belief, Lancaster regularly does or solicits business in, and derives substantial revenue from services rendered in, the Southern District of New York.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and the matter in controversy exceeds $75,000.

9. Pursuant to 28 U.S.C. § 1391 venue is properly laid in the United States District Court for the Southern District of New York because UBS is a resident of this district and the contract at issue in this action was negotiated and performed primarily in this district.

## FACTS

10. UBS and Lancaster entered into the Purchase Agreement, which was negotiated and performed primarily in New York, as of November 4, 2004. In the Purchase Agreement, Lancaster contracted to sell to UBS certain first lien residential Mortgage Loans (as defined in the Purchase Agreement), subject to the terms and conditions in the Purchase Agreement.

11. Under the terms of the Purchase Agreement, UBS paid Lancaster $173,000,000 for a portfolio of Mortgage Loans with a par value of $170,000,000.

12. Pursuant to Section 3.3 of the Purchase Agreement, entitled "Repurchase and Substitution," Lancaster agreed to repurchase from UBS certain Mortgage Loans for which one of the first three scheduled Monthly Payments (as defined in the Purchase Agreement) became delinquent (each, a "Delinquent Loan") – *i.e.*, an EPD – or indemnify UBS as to any Delinquent Loans not repurchased. Section 3.3(d) of the Purchase Agreement provides as follows:

> At the option of Purchaser [UBS], Seller [Lancaster] shall repurchase any Mortgage Loan sold to Purchaser for which one of the first three scheduled Monthly Payments due to the Purchaser becomes delinquent (each, a "Delinquent Loan") or, provided that, in lieu of repurchase of a Delinquent Loan by Seller at Purchaser's request, Purchaser and Seller may mutually agree upon terms with regard to the indemnification of Purchaser by Seller for any and all costs, expenses, losses, etc. relating to a Delinquent Loan or

Purchaser and Seller may agree to a substitution of another Mortgage Loan for any Delinquent Loan. Any such substituted Mortgage Loan will be subject to Purchaser acceptability. Such repurchase will be made at the Repurchase Price [as defined].

13. As UBS became aware of the existence of EPDs, it demanded, pursuant to Section 3.3(d) of the Purchase Agreement, that Lancaster repurchase or indemnify UBS as to the EPDs purchased from Lancaster. In the time since UBS purchased the portfolio of Mortgage Loans from Lancaster, UBS has demanded that Lancaster repurchase 31 EPDs, the repurchase price of which would be approximately $10,400,000.[1]

14. Lancaster failed and refused to repurchase the EPDs or indemnify UBS, such that UBS has been damaged by the reduction in the value of such EPDs[2] in an amount to be determined at trial, but in any event, no less than $2,700,000.

## COUNT I
### (Breach of Contract)

15. UBS repeats and re-alleges the allegations of paragraphs 1-14 above, as if set forth fully herein.

16. The Purchase Agreement constitutes a valid and binding contract between UBS and Lancaster. UBS has performed all of its obligations pursuant to the Purchase Agreement.

17. Under the terms of the Purchase Agreement, Lancaster was required to repurchase from UBS certain EPDs upon demand by UBS and/or to indemnify UBS for any losses incurred in relation to those EPDs.

---

[1] There can be a significant time lag of up to several months before UBS learns that a loan has become an EPD. Thus, UBS continues to learn about EPDs bought from Lancaster. When UBS receives notification that loans have missed early payments, UBS notifies Lancaster of their obligation to repurchase those EPDs. Of course, as the number of EPDs bought from Lancaster continues to increase, UBS's damages continue to increase in relation thereto.

[2] Even after a loan becomes an EPD, it retains some portion of its value. Thus, UBS's damages do not equal the par value of the EPD loans.

18. UBS demanded that Lancaster repurchase certain EPDs. Lancaster, however, has failed and refused to either repurchase those EPDs or indemnify UBS for the losses incurred in relation to those EPDs.

19. Therefore, Lancaster has materially breached its obligations under the Purchase Agreement.

20. Lancaster's breach of the Purchase Agreement has damaged UBS in an amount to be determined at trial, but in any case no less than $2,700,000, plus statutory interest and attorney's fees.

WHEREFORE, UBS requests that this Court grant judgment in its favor and against Lancaster in an amount to be determined at trial, but in any case no less than $2,700,000, plus statutory interest and attorney's fees, and for such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 5, 2007

SCHINDLER COHEN & HOCHMAN LLP

By: _____
Jonathan L. Hochman (JH 7072)
Daniel E. Shaw (DS 8129)

100 Wall Street, 15th Floor
New York, New York 10005
(212) 277-6300 (tel)
(212) 277-6333 (fax)

*Attorneys for Plaintiff*
*UBS Real Estate Securities Inc.*